Longworth, J.
That a valid agreement, with a principal debtor, to extend the time of payment of the debt, made without the consent of his surety, operates to discharge such surety, is an elementary proposition.
It is equally clear that to have such effect the agreement must be valid and binding upon the parties between whom it is made. It must be the substitution of a subsequent for a former agreement. Such is not the case here if the facts stated in the reply are truly stated; and this the demurrer admits.
The agreement for extension, although a pecuniary consideration passed, was voidable by reason of the fraud practiced upon plaintiff by the principal debtor. It is said that it was in the faith that his fraudulently false statements were true that plaintiff consented to the extension, which she otherwise would not have done. Here, then, was no valid agreement, even as between the creditor and principal debtor, and nothing which could operate to discharge the surety.
But it is claimed in argument that the plaintiff, by not suing until after the expiration of the extension, must be held to have ratified the invalid coir tract. We do not so understand it. That she would have had the right to ratify it is clear; and if, upon discovery of the fraud she liad failed to take any action ■signifying her intention to repudiate the agreement, she might be held to have ratified it, we may concede. But the only facts before us are those stated in the record, and upon this ¡matter it is silent.
It is further urged that in order to enable plaintiff to repudiate the contract she was bound to refund to William the money paid as its consideration, or at least to tender it back. *505 This cannot be true. This sum, which was the interest covering the period of extension, during which the principa] remained actually unpaid, was due to the plaintiff from William, irrespective of the question whether the agreement was valid or invalid. We can see no reason why plaintiff should be compelled to pay to this defendant money which was her own in either event, and to which he could not, in any aspect of the case, be entitled.

Judgment affirmed.